UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | : | |
|---|---|---|
| Kenneth Bechard, | : | Civil Action No.: **1:12-cv-187** |
| Plaintiff, | : | |
| vs. | : | **COMPLAINT** |
| Admin Recovery, LLC. | : | |
| Defendant. | : | |
| | : | |

For this Complaint Plaintiff, Kenneth Bechard, through his attorneys, alleges the following against Defendant, Admin Recovery, LLC.:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### PARTIES

2. Plaintiff is a natural person residing in Moultonborough, New Hampshire.

3. Defendant is a collection agency with a principal place of business located in Williamsville, New York.

4. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

5. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

7. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the state of New Hampshire, and therefore, personal jurisdiction is established.

9. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

**FACTUAL ALLEGATIONS**

10. In approximately early March 2012, Defendant began placing collection calls to Plaintiff seeking and demanding payment for an alleged debt originally owed to Wells Fargo on an unsecured personal line of credit which Plaintiff used to install a sliding door on his home.

11. Defendant called Plaintiff at telephone number 603-476-2575.

12. At the outset of the calls in March 2012, Plaintiff told Defendant's representative, Mr. Webster, that Plaintiff was unable to pay, was participating in a debt consolidation program, and provided Defendant with the name and number of the debt consolidation program.

13. Defendant continued calling Plaintiff and, on one occasion in March 2012, Mr. Webster threatened Plaintiff that he was going to come to Plaintiff's house and look in the door if Plaintiff did not pay. Mr. Webster made this statement after Plaintiff answered Mr.

Webster's question as to what Plaintiff had used the loan for.

14. Defendant, through Mr. Webster, misrepresented the nature of the loan by telling Plaintiff that it was a secured loan when it was an unsecured loan.

15. Defendant's representative, Mr. Webster, left Plaintiff messages requesting a return call to 866-703-7961, extension 218. In doing so, Defendant failed to disclose Defendant was a debt collector.

16. As a result of Mr. Webster's threats, Plaintiff suffered emotional distress, anguish and mental suffering. When Defendant calls Plaintiff, Plaintiff feels stress, aggravation, anguish, anxiety, fear and paranoia. Every time the phone rings or he sees an incoming or missed call from Defendant on his Caller-ID, Plaintiff thinks Defendant is after him and Mr. Webster will soon arrive at his home.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and annoy Plaintiff.

b) Defendant violated *§1692e(5)* of the FDCPA by threatening to come to Plaintiff's home if he did not pay when Defendant did not intend such action.

c) Defendant violated *§1692e(10)* of the FDCPA by falsely representing that the underlying debt was a secured debt when it was unsecured.

d) Defendant violated *§1692e(11)* of the FDCPA through the failure to state in its communications with Plaintiff that the communication is from a debt collector.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

18. Actual damages to compensate Plaintiff for his mental anguish, emotional distress, anxiety, depression, inconvenience, and the disruption of his day caused by Defendant in an amount to be determined by the trier of fact pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692;

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a jury trial in this cause of action.

DATED:  May 16, 2012                    KROHN & MOSS, LTD.

By: /s/ Rosanna T. Fox
Rosanna T. Fox, NH Bar ID 17693
12 Eldorado Circle
Nashua, NH 03062
Tel: (603) 318-8479
Fax: 1-800-853-6404
rosanna@nationallegalsystems.com
Attorney for Plaintiff

*Of Counsel*
Krohn & Moss, LTD
10474 Santa Monica Blvd, Suite 401
Los Angeles, 90025
Tel: 323-988-2400, x241
Fax: 866- 802-0021

## VERIFICATION

STATE OF NEW HAMPSHIRE

Plaintiff, Kenneth Bechard, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;

2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;

3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it; Pursuant to 28 U.S.C. § 1746(2), I, Kenneth Bechard, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2012.                                    _____
                                                                              Kenneth Bechard

5